DOCKETED ON CM
JUN 2 2 2006
BY ___ 026

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY SEND

CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 06-2874-JFW (FFMx)** | Date: June 21, 2006 |

Title:   Fox Products, Inc. -v- Caterpillar, Inc.

---

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

| PROCEEDINGS (IN CHAMBERS): | ORDER DENYING DEFENDANT'S MOTION UNDER F.R.C.P. 9(b) AND 12(b)(6) TO DISMISS THE THIRD AND FOURTH CAUSES OF ACTION IN THE COMPLAINT [filed 5/31/06; Docket No. 8] |
|---|---|

On May 31, 2006, Defendant Caterpillar, Inc. ("Defendant") filed a Motion Under F.R.C.P. 9(b) and 12(b)(6) to Dismiss the Third and Fourth Causes of Action in the Complaint. On June 12, 2006, Plaintiff Fox Products, Inc. ("Plaintiff") filed its Opposition. On June 20, 2006, Defendant filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 26, 2006 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

On May 11, 2006, Plaintiff filed a Complaint against Defendant alleging the following claims for relief: (1) Intentional interference with contractual relations; (2) Intentional interference with prospective economic relations; (3) Fraud; and (4) Promissory estoppel. Defendant moves to dismiss the Third Claim for Relief for failure to plead with particularity under Federal Rule of Civil Procedure 9(b), and the Fourth Claim for Relief for failure to state a claim under Rule 12(b)(6).

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Accordingly, "[a] Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving

Initials of Deputy Clerk sr

party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)). Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

Additionally, "[c]laims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)." *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The heightened pleading requirements of Rule 9(b) are designed "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). In order to provide this required notice, "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity." *Id.* at 672. Further, "a pleader must identify the individual who made the alleged representation and the content of the alleged representation." *Glen Holly Entertainment*, 100 F. Supp. 2d at 1094.

Upon review of Plaintiff's Complaint, the Court finds that Plaintiff has adequately alleged its Third and Fourth Claims for Relief, and that the arguments raised by Defendant in its Motion are more appropriately resolved in a motion for summary judgment. Accordingly, Defendant's Motion Under F.R.C.P. 9(b) and 12(b)(6) to Dismiss the Third and Fourth Causes of Action in the Complaint is **DENIED**.

Defendant shall file an Answer to Plaintiff's Complaint within 10 days of the date of this Order.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.